BERT PEYTON v. STATE.

No. A-1197. Opinion Filed January 17, 1912.

Appeal from Delaware County Court; W. C. Hall, Judge.

Bert Peyton was convicted of a violation of the prohibition law, and appeals. Reversed.

G. W. Goad, O. L. Rider, and H. L. Marshall, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted on an indictment returned in the district court and duly transferred to the county court of Delaware county, wherein he was charged with the unlawful sale of one quart of whisky. The jury returned a verdict of guilty. April 21, 1911, the court sentenced him to serve a term of thirty days in the county jail and to pay a fine of two hundred and fifty dollars.

From an order overruling a motion for a new trial an appeal was perfected. The material testimony on the part of the prosecution is substantially as follows: Jim Meredith testified that he was acquainted with the defendant, and met him on the street and told him that he wanted some whisky for Lon Smith, his brother-in-law, who was down sick with the measles and that the doctor said that he needed it; that the defendant told him that he did not have any, but said to wait a minute and he would see if he could not find some; that he went up the street and was gone a little while and came back and told him to look in an old tub in the back of Dr. Holland's building; that he asked him what it was worth and he said about one dollar and a half; that he went to Dr. Holland's building and found a flat quart bottle of whisky, and that he left one dollar and a half on an old counter that was there. That he did not pay the defendant any money or tell him that he had left any money there. Over the objection of the defendant the Frisco railway agent at Grove was permitted to testify that he had in his custody the records of that station and among them was a delivery sheet showing the delivery of a shipment of two boxes of whisky; that he would hesitate to say the name on the delivery receipt; that he thought it was the name of the defendant; that he had no personal knowledge as to what the shipment contained or as to whether or not the signature was that of the defendant. Defendant testified on his own behalf in substance the same as the prosecuting witness, except that he stated that he told him that Dr. Holland had some whisky in the back end of his building; that he was in there and saw it. That he never sold any whisky or never received any money from the prosecuting witness and did not know whether or not he found the whisky there. Dr. J. E. Holland testified that he was acquainted with the defendant; that in April, 1910, he owned a building which had been used as a meat market. That his office had been burned, and the building being vacant, he had placed his desk in the front part of this building and was having some repairs made. That at the time in question he had a quart of whisky in a box or tub in the back end of the room and somebody stole it; that he had given the defendant a drink out of this bottle the day before he missed it. The foregoing is all the testimony offered on the trial. The first assignment is that the court erred in permitting the state to introduce the freight delivery receipts without any identification of the defendant's signature. We cannot conceive of any principle of the law of evidence that would justify the admission of the freight delivery record of the Frisco station at Grove against the defendant with no pretense of proof whatever that the signatures thereon were that of the defendant. We think that this document was clearly inadmissible and when we consider the doubtful character of the testimony of the prosecuting witness as tending to show the commission of the offense charged, we are of the opinion that it cannot be held that this error was not prejudicial to the substantial rights of the defendant and should therefore be disregarded. It is therefor further insisted that the evidence is insufficient to sustain the verdict. The jury must have concluded that the defendant placed the bottle of whisky in Dr. Holland's building, and that the prosecuting witness left the money there when he took the whisky, and that the defendant subsequently returned there and secured the money. This inference, we believe, is not warranted from a fair consideration of the evidence. However, the judgment of the trial court must be reversed for the error already pointed out. The judgment is therefore reversed and the cause remandd.